IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | | |
|---|---|---|
| IN RE: QUIANA BAXTER | * | Chapter 7 |
| | * | |
| Debtor. | * | Case No. 13-27709 DER |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| QUIANA BAXTER | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Adversary Proceeding No. |
| | * | 14-00386 DER |
| SUMMERFIELD INVESTMENT GROUP, LLC | * | |
| | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SUPPLEMENTAL MEMORANDUM

Comes now, the Defendant, Summerfield Investment Group, LLC (the "Defendant"), by and through its under-signed counsel, hereby submits this supplemental memorandum pursuant to the instructions of this Court during the hearing on June 18, 2015 in this matter.

### I.   SCOPE AND ISSUE

This scope of this memorandum is limited to the specific post-petition damages that Defendant Summerfield requested in the Baltimore City District Court. The issue is whether, pursuant to Maryland law, the Defendant Summerfield's can properly request post-eviction damages for the loss sustained by its inability to rent its Property due to damages caused by Plaintiff/ tenant.

### II.   FACTS

The Plaintiff was a tenant at 12 North Potomac Street, Baltimore, MD (the "Property"). Defendant Summerfield Investment Group, LLC, owned the Property. Plaintiff was a tenant on the Property for numerous years. On October 18, 2013 the Plaintiff filed a Chapter 7 Bankruptcy. At that time, the Plaintiff was a month-to-month tenant and she had testified that prior to her bankruptcy she was seeking new property to rent. The Property was not retained

through the bankruptcy. Further, prior to the bankruptcy filing, Defendant obtained a judgment of possession through the Baltimore City District Court.

Without reiterating the various facts that were considered during the trial, the pertinent facts are that the debtor failed to pay any post-petition rents to the Defendant and the Defendant wound up evicting Plaintiff on January 7, 2015 after receiving a Relief from the Automatic Stay granted by this Court. As stated during the hearing(s), the Relief was requested despite the fact that pursuant to 11 U.S.C. §362(b)(22) and (l) the automatic stay did not apply to the Defendant's Judgment for Possession. The damages, relevant to this Memorandum, are the post-petition rents that Defendant requested for the months (January & February 2014) that Plaintiff had vacated the Property. It is Defendant Summerfield's position that it could not rent the Property to a third party as the eviction was in January and the damages caused by the Plaintiff to the Property prevented its rental in February.

On or about August 27, 2013, Defendant filed an action for Failure to Pay Rent against the Defendant in the Baltimore City District Court pursuant to Md. Annot. Code, Real Property, §8-401. On September 6, 2013, the Baltimore City District Court awarded the Defendant a default judgment for past due rent and a judgment for possession. The Defendant, on October 2, 2013, filed a new Failure to Pay Rent action against Plaintiff in District Court and the Court granted a judgment for possession on October 11, 2013. On or about October 21, 2013 the Defendant filed a Warrant of Restitution in the District Court. The Warrant of Restitution, upon information and belief, was served on Plaintiff on or about October 23, 2013. However, the Defendant, upon receiving notice that the Plaintiff on October 18, 2013 had filed a Voluntary Petition under Chapter 7, did not act upon the Warrant.

### III.   ARGUMENT

It was determined during the trial that the Plaintiff's lease had expired prior to her Chapter 7 filing on October 18, 2015. Further, as the Plaintiff herself testified, she knew she was month-to-month tenant as of her bankruptcy filing date. Further, she testified that she was looking for a new property.

Prior to the October 18, 2015 bankruptcy filing, Defendant Summerfield obtained a judgment of possession against Plaintiff. Pursuant to Maryland law, a judgment of possession is notice to a tenant that she must either redeem the property by paying the arrears to the landlord

or give up possession of the property within four (4) days.  Md. Annot. Code, Real Property, §8-401 (b)(1)-(3).  Once the Plaintiff failed to pay the Defendant and through the course of the bankruptcy, where Defendant further filed for Relief of Automatic Stay, notably to evict her from the premises, she was effectively a hold over tenant pursuant to §8-402 of the Real Property Article.  She had peacefully entered the premises but was forcibly detaining the property.  In essences, she was unlawfully holding over beyond the termination of her lease and pursuant to §8-402(a)(1) she was liable for the actual damages caused by the holding over.  The Maryland statute further authorizes a suit separate from the eviction action, primarily to determine damages. See §8-402(a)(3)(i).

With respect to damages that make the property tenantable, the Maryland statutes serve to limit liabilty for future rent if the damages were due to fire or other unavoidable accident.  However, otherwise the statutes are silent. See Md. Annot. Code, Real Property §8-112.  In this case, Summerfield is not stating that there was a fire or unavoidable accident; it is merely stating that the Plaintiff caused damages to the Property that needed to be repaired before it could re-rent it.  Further, normally a lease obligation would terminate upon eviction, absent a provision in the lease that states otherwise. In this case, the argument is that there is no lease as the lease was discharged in bankruptcy so no such provision exists.  However, the eviction itself does not excuse the Plaintiff or any such tenant of liabilities for damages to the property and damages to a landlord who cannot re-rent the property.

The Maryland Court of Appeals in Rausch v. Allstate Ins. Co., 582 A.2d 801, 807, 338 Md. 690 (2005) stated " a tenant is liable in tort to the landlord if and to the extent that the tenant negligently damages the landlord's property." Id. (citing Person v. Wiltrout, 17 Md. App. 497, 302 A.2d 678 (1978)).  Further, the Maryland Courts have long held that ". . . the law imposes upon every tenant, whether for life or for years, the obligation to treat the premises in such a manner that no substantial injury shall be done to them, so that they revert to the lessor at the end of the term unimpaired by any willful or negligent conduct on his part." Carlin v. Ritter, 13 A. 370, 372, 68 Md. 478 (1888), on reh'g, 68 Md. 478, 16 A. 301 (1888).

Defendant Summerfield takes the position that it was due post-petition rent as the Plaintiff occupied or had the right to occupy the Property post-petition and up to the eviction date of January 7, 2015.  The Defendant would have had to present argument to the State Court of the fair rental value (which it has stated was the value presented in the discharged lease).  Further, Defendant would have had the burden to demonstrate that the Property was not marketable as rental property in January and February 2014 due to damages caused by the Plaintiff.  The economic and actual physical damages to the property would have to be proven to the satisfaction of the State court.

### IV. CONCLUSION

Defendant Summerfield's complaint to the District Court of Baltimore City for actual and economic damages it sustained for post-petition rent for January and February 2014 along with

actual damages to the Property were proper before the state court. However, Defendant Summerfield would have had to substantiate its damage claims in the Maryland court.

Dated: June 25, 2015                    Respectfully submitted,

/s/Marc A. Ominsky
Marc A. Ominsky
Bar No. 13956
The Law Offices of Marc A. Ominsky, LLC
10632 Little Patuxent Pkwy
Suite 249
Columbia, MD 21044
(443) 539-8712 (t)
(443) 539-8726 (f)
marc@mdlegalfirm.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 25th day of June, 2015, a copy of the aforegoing document was delivered via the Court's ECF system and/or first-class mail, postage prepaid, to Theodosia Saffo, Esq. and Kay N. Harding, Esq., attorneys for Plaintiff.

/s/ Marc A. Ominsky
Marc A. Ominsky