

DAVID E. RICE
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| In re: | * | |
| QUIANA BAXTER, | * | Case No. 13-27709-DER |
| Debtor. | * | (Chapter 7) |
| * * * * * * | * * * * * * | |
| QUIANA BAXTER, | * | |
| Plaintiff | * | |
| vs. | * | Adversary Pro. No. 14-00386-DER |
| SUMMERFIELD INVESTMENT GROUP, LLC, | * | |
| Defendant. | * | |
| * * * * * * | * * * * * * | |

## ORDER ON MOTION FOR ATTORNEY'S FEES

Before the court for consideration are the Plaintiff's Motion for Attorneys' Fees and Costs [Docket No. 57] (the "Motion") and the Defendant's Response to Plaintiff's Motion for Attorneys' Fees and Costs [Docket No. 61] (the "Response"). A hearing is not necessary or required to assist the court in deciding the issue now before it.

After a three day trial, this court determined that the defendant had violated the discharge injunction under 11 U.S.C. § 524(a), awarded actual and punitive damages to the plaintiff, and

deferred entry of judgment pending a determination of the amount of attorney's fees that should be awarded to the plaintiff. At the same time, the court determined that the defendant had not violated the automatic stay under 11 U.S.C. § 362(a) and dismissed that count of plaintiff's complaint. The plaintiff thereafter filed her Motion, and the defendant filed its Response in accordance with the briefing schedule set by the court.

The court previously determined that an award of attorney's fees for violation of the discharge injunction is appropriate and not precluded merely because the plaintiff was represented on a *pro bono* basis by the Legal Aid Bureau, Inc. (a non-profit, public interest law firm also known as "Maryland Legal Aid"). The only issue now before the court is the proper amount of such an award in this case. The Motion seeks an award of attorney's fees in the total amount of $78,170.62. The defendant asserts in its Response that such an amount is excessive, reflects lack of proper billing judgment, and fails to take into account the fact that the plaintiff did not prevail on her claim for violation of the automatic stay. The defendant urges the court to deny all attorney's fees or, in the alternative, determine a reasonable amount to be paid not to Maryland Legal Aid but to the court's Debtor Assistance Project or another appropriate purpose. Although I agree that the requested fees are subject to some additional downward adjustment, I find that the defendant's contentions are otherwise without merit.

When making an award of attorney's fees under circumstances like those presented here the court undertakes an independent review on a case-by-case basis. In making its determination, the court applies the "lodestar" approach in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which has been adopted by the Fourth Circuit. *Harman v. Robertson,* 772 F.2d 1150, 1152 (4th Cir. 1985) ("the twelve-factor analysis of *Barber* is appropriate to determine attorney's fee awards in bankruptcy"); *Anderson v. Morris*,

658 F.2d 246 (4th Cir. 1981); *Barber v. Kimbrill's, Inc.*, 577 F.2d 216 (4th Cir. 1978) (adopting the twelve-factor approach of *Johnson* for "determination of reasonable attorney's fees in any case where such determination is necessary"), *cert. denied*, 439 U.S. 934 (1978). *See also In re Courtois*, 222 B.R. 491 (Bankr. D. Md. 1998) (applying *Harman* to determine reasonable compensation of debtor's counsel in a Chapter 13 case).

In addition, the Fourth Circuit has indicated that when awarding attorney's fees to a party that has prevailed in litigation the court should take a three-step approach – namely, apply the *Johnson* loadstar analysis, deduct time spent on unsuccessful claims, and then award a percentage of that amount based upon the degree of success of the plaintiff. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (awarding attorney's fees after based on the three-step approach). *See also Thomas v. Flanagan*, 2016 WL 258633 (D. Md., Jan. 20, 2016) (same).

After careful review of the Motion (including the affidavits and other supporting materials filed by Maryland Legal Aid) and the Response, I conclude that that Maryland Legal Aid has provided appropriate documentation for its request, that the rates charged by Maryland Legal Aid are reasonable, and that the number of hours expended were reasonable. Although defendant argues that Maryland Legal Aid did not exercise appropriate billing judgment, it is mistaken. In fact, each of the Maryland Legal Aid attorneys involved in this case chose not to bill for material amounts of time that total in the aggregate 103.3 hours. Thus, I find that as an initial matter application of the *Johnson* loadstar analysis results in a reasonable fee in the amount of $104,227.50.

Next, the court must consider the extent to which a downward adjustment of the *Johnson* loadstar amount is appropriate by reason of the fact that the plaintiff did not prevail on her claims regarding alleged violations of the automatic stay. Maryland Legal Aid made an additional

downward adjustment of 25% that it characterizes as additional billing judgment and argues that no downward adjustment is necessary because the plaintiff's stay violation claims were not distinct from her discharge injunction violation claims. I disagree. While both claims could be said to relate to the landlord-tenant relationship between the parties, the automatic stay violation claims and the discharge injunction violation claims were based upon separate and distinct conduct by the defendant. I view the downward adjustment of 25% as an effort to address (without saying so) the fact that the plaintiff did not prevail on both of the counts in her complaint. I find that adjustment to be an inadequate. The plaintiff's claims regarding automatic stay violations consumed more trial time and legal effort than the discharge injunction claims on which the plaintiff prevailed. For that reason, I find that the appropriate downward adjustment is 60% – an adjustment that results in a fee of $41,691.00.

    Lastly, the court must consider whether some further reduction is necessary to take into account the degree of success by the plaintiff. I agree with the plaintiff's contention that she enjoyed a large measure of success. It is true that the court only awarded the plaintiff actual damages of $1,000.00 and punitive damages of $5,000.00. The amount of those damages, however, is hardly the sole measure for the award of attorney's fees in this case. The plaintiff was required to commence this litigation to stop the defendant's conduct which threatened to deprive her of the benefit of the fresh start to be afforded her by the discharge granted to her under the Bankruptcy Code. Thus, the plaintiff's success must be measured not just by her monetary damage recovery, but also by vindication of her statutory right to a discharge. Considering that the plaintiff was successful in stopping the defendant's violation of her discharge, little if any further adjustment is warranted. For all these reasons, I find that the

plaintiff should be awarded reasonable attorney's fees in the amount of $40,000.00, which amount is not disproportionate to the damages of $6,000.00 awarded to the plaintiff.

ACCORDINGLY, for the reasons stated above, it is, by the United States Bankruptcy Court for the District of Maryland, sitting in Baltimore,

ORDERED, that the plaintiff is awarded the sum of $40,000.00 in attorney's fees, which sum shall be paid to the Legal Aid Bureau, Inc.; and it is further,

ORDERED, that a money judgment consistent with this order and the court's prior memorandum opinion shall be entered contemporaneously herewith.

cc:     Louise M. Carwell, Esq.
        Kay N. Harding, Esq.
        Legal Aid Bureau, Inc.
        500 E. Lexington Street
        Baltimore, Maryland 21202

        *Attorneys for Plaintiff, Quianna Baxter*

        Marc A. Ominsky, Esq.
        Century Plaza Building, Suite 249
        10632 Little River Parkway
        Columbia, Maryland 21044

        *Attorney for Defendant, Summerfield Investment Group, LLC*

**-- End of Order --**